

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 27, 1939

Hon. Tom A. Craven
McLennan County Auditor
Waco, Texas

Dear Sir:

Opinion No.0-756
Re: Article 3912e, Section 3, Re-
vised Civil Statutes of Texas &
payment of fees by the county
to county officers.

This department is in receipt of your letter
of May 4, 1939, wherein you request our opinion clarify-
ing the situation set out in your letter. Your letter
reads as follows:

"I have had a talk with the County
Clerk of McLennan County relative to col-
lecting, by the County Clerk, from the
County General Fund covering fees on lunacy
cases when defendants in lunacy have no es-
tate, as indicated under your opinion O-259
should be done.

"Since January 1, 1936, county offi-
cials in McLennan County have been compen-
sated on a salary basis as provided under
the Officers' Salary Bill. Since that date
these county officials, except the Assessor
& Collector of Taxes, have not been paid
fees by the county for services rendered by
their offices for the county. It has been
the interpretation of the District Attorney
of McLennan County that Article 5912e, Sec-
tion 3, provided for the discontinuance of
the payment of all such fees except those

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

authorized under law to be paid or allow-
ed the office of Assessor & Collector of
Taxes.

"Already this office has been ap-
proached on applying the rule set out in
your opinion #O-259 to fees other than the
ones covered in that opinion. Under the
fee system in effect prior to January 1, 1936,
numerous fees were paid various county offi-
cials by the county for services rendered
the county by those county officials. As
indicated above, since January 1, 1936, this
county has operated under the theory that
the provisions of Art. 3912e, Section 3, ren-
dered the Articles of the law authorizing
the payment of such fees by the county to
such county offices void, with the exception
noted in Article 3912e, Section 3.

"Your opinion clarifying this situation
to us will be greatly appreciated."

Opinion No. O-259 of this department passed
upon the following two propositions:

"In a county operating on a salary
basis is the county clerk entitled to fees
on lunacy cases, such fee to be remitted
to Officer's Salary Fund of the county?

"In county operating on a salary
basis is county clerk entitled to fees for
recording county instruments, such fees to
be remitted to Officer's Salary Fund of the
county?"

Opinion No. O-259 held that lunacy proceed-
ings were of a civil and not of a criminal nature; that
a lunacy proceeding was a civil proceeding. The opinion
further held that if the defendant in lunacy has no es-
tate then the county clerk should charge the county a

fee for services under Article 3531, Revised Civil Statutes
of Texas, as the same is a civil case, and that
he should be paid by the county for such services out
of the general fund of the county, and that when such
clerk receives such payment out of the general fund it
is the duty of the clerk to place such payment he re-
ceives from the general fund into the Officer's Salary
Fund of the county. In answer to the second question,
Opinion No. 0-259 held that the county clerk was not
entitled to charge the county recording fees for record-
ing right-of-way deeds for the county because there was
no authority which authorized the county clerk to charge
the county for such services.

We enclose herewith a copy of opinion No. 0-807
of this department which was rendered May 19, 1939, which
we think will pass upon all of the questions raised in
your letter. This opinion sppcifically passes upon a
great number of fees of county officials. This opinion
lays down the following rule, which we think clarifies
your situation, to-wit:

> "You are respectfully advised that it
> is the opinion of this department that all
> county and precinct officers who are compen-
> sated on a salary basis are required to col-
> lect all costs in civil cases by the state
> and all fees, commissions and costs form
> private parties who are required by law to
> pay such fees, commissions and costs.
>
> "The costs in civil cases by the state
> and all fees, commissions and costs collect-
> ed from private parties who are required by
> law to pay such fees, commissions and costs
> when collected by county or precinct officers
> compensated on a salary basis must be deposit-
> ed in the Officers' Salary Fund of the county.
>
> "The tax assessor-collector shall collect
> all fees required by law to be collected by
> the tax assessor-collector and he shall deposit
> such fees in the Officers' Salary Fund of his

county.

"No county or precinct officer who is compensated on a salary basis shall collect from the state or county any fees, commissions or costs for any or all of the duties performed by him except the costs of civil cases by the state."

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      (signed)

Wm. J. Fanning
Assistant

WJF:AW

ENCLOSURE

APPROVED:
(signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:

Opinion Committee

By  RWF, Chairman